13-3560-cv
Mulholland v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of May, two thousand fourteen.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                     *Circuit Judges.*

_____

GREGORY MULHOLLAND,

                 *Plaintiff-Appellee*,

          -v-                                          13-3560-cv

THE CITY OF NEW YORK,

                 *Defendant-Appellant*.

_____

Appearing for Appellant:     Dona B. Morris, Assistant Corporation Counsel (Zachary W. Carter, Corporation Counsel of the City of New York; Pamela S. Dolgow, Thomas M. Hoey, Jr., *on the brief*), New York, N.Y.

Appearing for Appellee:     Andrew V. Buchsbaum, Friedman, James & Buchsbaum LLP (Bernard D. Friedman, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of said District Court be and it hereby are **AFFIRMED**.

The City of New York (the "City") appeals from the judgment and order of the United States District Court for the Southern District of New York (Hellerstein, *J.*), entered on April 26, 2013 and August 27, 2013, respectively. The August 27th order denied the City's post-trial motions for judgment as a matter of law and for a new trial brought pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Trial in this action resulted in a jury award of $3.2 million to Gregory Mulholland for claims he brought under the Jones Act, 46 U.S.C. § 30104. Mulholland's claims were based on injuries that he suffered in the course of his employment on July 2, 2009. On appeal, the City argues that the jury could not have concluded, as a matter of law, that at the time of this injury Mulholland was a seaman for the purposes of the Jones Act.

The question of whether an employee is a seaman for the purposes of the Jones Act is often, as it was in this case, a factual question left for the determination of the jury. *Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 554 (1997). To qualify as a seaman, an "employee's duties must contribute to the function of the vessel or to the accomplishment of its mission," and "a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368 (1995) (internal quotation marks and brackets omitted).

"A district court may set aside a jury's verdict pursuant to Rule 50 only where there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 127-28 (2d Cir. 2012) (internal quotation marks omitted). "[W]e review the district court's denial of a Rule 50 motion *de novo*, [and] we are bound by the same stern standards." *Id.* at 128 (internal quotation marks omitted). Finally, "[w]e review for abuse of discretion a district court's denial of a motion for a new trial pursuant to Rule 59." *Id.*

The evidence in this case does not support the conclusion that the jury's determination that Mulholland was a seaman was "the result of sheer surmise and conjecture." *Id.* at 127. The jury heard from Mulholland, for example, that his duties onboard the *Rosemary Miller* were as follows:

> [W]e did the bridges. We hooked the vessel up to the bridges. We chocked the cars like we did on the City Island Ferry. We handle lines. . . . We helped with navigation, because to come into the City Island or Hart Island docks, we have to be in the end of the boat and tell the master whether he's coming in too fast or he's going to be higher or lower than the bridge. . . . And when the vessel is unhooked from the bridge, it was always my job, as the number one deck hand—it was a navigational aide to waive him off that he was cleared from the dock, and that he could go proceed to his next landing.

2

The jury was entitled to credit this testimony as to Mullholland's responsibilities in assuring the "accomplishment of [the] mission" of the *Rosemary Miller*. *Chandris*, 515 U.S. at 368. Further, because of the identical missions of the *Rosemary Miller* and the *Michael Cosgrove*, it would not have been sheer surmise, nor unreasonable, for the jury to have concluded that Mulholland's work had a connection to an identifiable group of vessels in navigation. *See id.* We therefore affirm the district court's denial of the City's motion for judgment as a matter of law pursuant to Rule 50. For the same reasons, we conclude that the district court did not abuse its discretion in refusing to grant the City's motion for a new trial pursuant to Rule 59, and affirm this portion of the district court's order as well.

We have examined the remainder of the City's arguments, and find them to be without merit. Accordingly, the judgment and order of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk